LEON SINGER, PROSECUTOR, v. JACK SCHAPIRO, INDI-
VIDUALLY, AND JACK SCHAPIRO, TRADING AS MAX
SCHAPIRO & SON, AND JACK SCHAPIRO, ANNA SCHA-
PIRO AND STELLA SCHAPIRO, INDIVIDUALLY AND AS
CO-PARTNERS TRADING AS MAX SCHAPIRO & SON,
AND KLEMMER KALTEISSEN, JUDGE OF THE MID-
DLESEX COUNTY COURT OF COMMON PLEAS, RE-
SPONDENTS.

Argued July 17, 1944—Decided July 28, 1944.

Before Justice CASE, sitting alone pursuant to the statute.

For the prosecutor in *certiorari, Gabriel Kirzenbaum.*

For Jack Schapiro, individually, and Jack Schapiro, trad-
ing as Max Schapiro & Son, and Jack Schapiro, Anna Scha-
piro and Stella Schapiro, individually and as co-partners
trading as Max Schapiro & Son, respondents in *certiorari,
Philip M. Brenner.*

CASE, J.   Leon Singer, as plaintiff, brought an action in
the Middlesex Court of Common Pleas by attachment against
Jack Schapiro, individually, against Jack Schapiro, trading
as Max Schapiro & Son, and against Jack Schapiro, Anna
Schapiro and Stella Schapiro, individually and as co-partners
trading as Max Schapiro & Son, on the ground that the
defendants were non-residents of this state.   On depositions
taken by both parties the court subsequently quashed the
writ.   It was developed by the depositions that the suit was
brought under the act of Congress commonly cited as the
"Fair Labor Standards Act of 1938," 29 *U. S. C. A.,* §§ 201,

*et seq.* The act provided in section 207 (a) (3) that "No employer shall, except as otherwise provided in this section, employ any of his employees who is engaged in commerce or in the production of goods for commerce—(3) for a workweek longer than forty hours after the expiration of the second year from such date," and in section 203 (b) that " 'Commerce' means trade, commerce, transportation, transmission, or communication among the several States or from any State to any place outside thereof."

We may assume that the Middlesex Pleas had jurisdiction to entertain appropriate suits under that statute. It remains, however, that the jurisdiction, and indeed the liability sued upon, depends upon the statute. There was no contract, express or implied, to pay the item in litigation. The statute creates a liability, and the suit is to enforce that statutory liability. But the statute, by its terms, applies only to employment in commerce among the states or from a state to a place outside thereof. That sort of commerce is a *sine qua non* of the employee's right to sue. There is nothing in the proofs by which such employment is shown or from which it may be inferred. I conclude that the writ of attachment was properly quashed.

The writ of *certiorari* is dismissed, with costs.